2007R00752/SWC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares |
| v. | : | Criminal No. 07-785 (JLL) |
| AKOUAVI KPADE AFOLABI, a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine," LASSISSI AFOLABI, a/k/a "Fovi," a/k/a "Bogard," DERECK HOUNAKEY, a/k/a "Koko," and GEOFFRY KOUEVI, a/k/a "Kangni" | : | 18 U.S.C. §§ 371, 1546(a), 1589(2), 1590, 2423(b), and 2; 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(2)(B)(ii) |

SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting in Newark, charges:

COUNT 1

(Conspiracy to Commit Visa Fraud)

Introduction

1. At all times relevant to this Superseding Indictment:

a. Defendant AKOUAVI KPADE AFOLABI, a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine" (hereinafter "AKOUAVI KPADE AFOLABI"), was a citizen of Togo and at certain times resided in New Jersey.

b. Defendant GEOFFRY KOUEVI, a/k/a "Kangni" (hereinafter "GEOFFRY KOUEVI"), was a citizen of Togo.

c. Togo is a country located in West Africa, bordered in the north by Burkina Faso, in the west by Ghana, in the east by Benin, and in the south by the Bight of Benin. While the official language of Togo is French, the Togolese population also utilizes a number of African languages, including Ewe.

d. A diversity visa was an immigrant visa awarded by the United States Department of State by lottery to citizens of countries that United States Citizenship & Immigration Services determined had been underrepresented in the annual immigrant process. Togo was such a country. The winner of a diversity visa was the primary beneficiary and was designated as a DV-1 class visa holder (hereinafter "DV-1 Holder").

e. A DV-1 Holder was eligible to apply for diversity visas for immediate family members. A current spouse of a DV-1 Holder was considered the secondary beneficiary and was designated as a DV-2 class visa holder. Any child of a DV-1 Holder was considered the tertiary beneficiary and was designated as a DV-3 class visa holder.

f. In order to enter or remain lawfully in the United States, a non-citizen must comply with the immigration laws of the United States and acquire proper documentation. A person with a diversity visa, whether a DV-1 class visa, DV-2 class visa, or DV-3 class visa, was permitted to enter and reside

in the United States as a lawful permanent resident.

The Conspiracy

2. From in or about October 2002 through in or about October 2005, in Essex County, in the District of New Jersey, and elsewhere, defendants

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"
and
GEOFFRY KOUEVI,
a/k/a "Kangni,"

did knowingly and intentionally conspire and agree with each other and others to commit an offense against the United States, that is, to utter, use, possess, obtain, accept, and receive immigrant visas, namely diversity visas, for entry into and as evidence of authorized stay and employment in the United States, knowing that the diversity visas had been procured by means of false claims and statements and otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

Object of the Conspiracy

3. It was the object of the conspiracy to fraudulently obtain diversity visas for young females from the West African countries of Togo and Ghana (hereinafter the "West African Females") so that the West African Females could enter the United States.

The Manner and Means

4. It was part of the conspiracy that defendant AKOUAVI KPADE AFOLABI would seek out DV-1 Holders and solicit them to fraudulently sponsor the West African Females for diversity visas by claiming that the West African Females were related to them by blood or marriage. Defendant AKOUAVI KPADE AFOLABI would offer to pay the application fees of the DV-1 Holders in exchange for their false sponsorship.

5. It was further part of the conspiracy that defendant AKOUAVI KPADE AFOLABI, while in Togo and Ghana, would recruit the West African Females, many of whom were under the age of 18 years, to fraudulently claim they were the current spouse or daughter of a DV-1 Holder for the purpose of fraudulently procuring DV-2 and DV-3 class visas for them.

6. It was further part of the conspiracy that defendant AKOUAVI KPADE AFOLABI would direct defendant GEOFFRY KOUEVI and others to coach the DV-1 Holders and the West African Females to misrepresent their relationships during interviews with officials at the American Embassy in Togo and to mislead the officials into providing diversity visas to the West African Females.

Overt Acts

7. In furtherance of the conspiracy and to effect its object, defendants AKOUAVI KPADE AFOLABI and GEOFFRY KOUEVI, and

their co-conspirators committed and caused the commission of the following overt acts in the District of New Jersey and elsewhere:

a. In or about 2004, defendant AKOUAVI KPADE AFOLABI informed a DV-1 candidate, herein referred to as "W.A.," that he had to enter into a fraudulent marriage with a West African Female, herein referred to as "A.A.," in exchange for defendant AKOUAVI KPADE AFOLABI's assistance with the diversity visa application process.

b. In or about June 2004, defendant GEOFFRY KOUEVI coached W.A. to provide false information in order to obtain a DV-2 class visa for A.A. under a false name, based on the false claim that A.A. was W.A.'s wife.

c. In or about July 2004, defendant AKOUAVI KPADE AFOLABI arranged for A.A. to travel from Togo to the United States by air.

d. On or about July 14, 2004, A.A. entered the United States with the use of the diversity visa that defendant AKOUAVI KPADE AFOLABI and defendant GEOFFRY KOUEVI had caused A.A. to fraudulently obtain.

All in violation of Title 18, United States Code, Section 371.

COUNTS 2 THROUGH 6

(Visa Fraud)

1. Paragraphs 1 and 3 through 7 of Count 1 are realleged and incorporated as if set forth in full herein.

2. At all times relevant to this Superseding Indictment, defendant DERECK HOUNAKEY, a/k/a "Koko" (hereinafter "DERECK HOUNAKEY"), was a citizen of Togo and resided in New Jersey.

3. In or about the dates listed below, in the District of New Jersey, and elsewhere, the defendants named in the counts below did knowingly and willfully aid, abet, counsel, command, induce, and procure another person to utter, use, attempt to use, possess, obtain, accept, and receive an immigrant visa, namely a diversity visa, for entry into and as evidence of authorized stay and employment in the United States, knowing that the diversity visa had been procured by means of false claims and statements, and to have been otherwise procured by fraud and unlawfully obtained, in connection with certain of the West African Females identified by initials below, each constituting a separate count of this Superseding Indictment:

| Count | Defendant(s) | Female | Approximate Date |
|---|---|---|---|
| 2 | AKOUAVI KPADE AFOLABI | S.X. | October 2002 |
| 3 | AKOUAVI KPADE AFOLABI | P.H. | October 2002 |
| 4 | AKOUAVI KPADE AFOLABI and GEOFFRY KOUEVI | A.A. | July 2004 |

| | | | |
|---|---|---|---|
| 5 | AKOUAVI KPADE AFOLABI and DERECK HOUNAKEY | V.A. | October 2005 |
| 6 | AKOUAVI KPADE AFOLABI and GEOFFRY KOUEVI | B.H. | October 2005 |

In violation of Title 18, United States Code, Section 1546(a) and Section 2.

COUNTS 7 THROUGH 9

(Smuggling Illegal Aliens)

1. Paragraphs 1 and 3 through 7 of Count 1 are realleged and incorporated as if set forth in full herein.

2. From on or about October 24, 2002 through on or about October 26, 2005, in Essex County, in the District of New Jersey, and elsewhere, defendant

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"

knowing and in reckless disregard of the fact that aliens, namely certain of the West African Females identified by initials below, had not received prior official authorization to come to, enter, and reside in the United States, did bring to the United States such aliens, regardless of any official action which may later be taken with respect to such aliens, for the purpose of commercial advantage and private financial gain, each constituting a separate count of this Superseding Indictment:

| Count | Female | Approximate Date |
|---|---|---|
| 7 | S.X. | October 24, 2002 |
| 8 | P.H. | October 24, 2002 |
| 9 | B.H. | October 26, 2005 |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

COUNT 10

(Smuggling Illegal Alien)

1. Paragraphs 1 and 3 through 7 of Count 1 are realleged and incorporated as if set forth in full herein.

2. On or about October 26, 2005, in Essex County, in the District of New Jersey, and elsewhere, defendants

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"
and
DERECK HOUNAKEY,
a/k/a "Koko,"

knowing and in reckless disregard of the fact that an alien identified by the initials V.A. had not received prior official authorization to come to, enter, and reside in the United States, did bring to the United States V.A., regardless of any official action which may later be taken with respect to V.A., for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

COUNT 11

(Conspiracy to Commit Forced Labor,
Trafficking with Respect to Forced Labor, and Document Servitude)

Introduction

1. Paragraphs 1 and 3 through 7 of Count 1 are realleged and incorporated as if set forth in full herein.

2. At all times relevant to this Superseding Indictment, defendant LASSISSI AFOLABI, a/k/a "Fovi," a/k/a "Bogard" (hereinafter "LASSISSI AFOLABI"), was a citizen of Togo and resided in New Jersey. From in or about October 2005 through on or about September 6, 2007, defendant LASSISSI AFOLABI was the owner of Ashley's Hair Braiding Salon located at 406 Central Avenue, East Orange, New Jersey (hereinafter "Ashley's Hair Braiding Salon").

3. From in or about 2006 through on or about September 6, 2007, defendant DERECK HOUNAKEY was the owner of Newark Hair Braiding located at 468 18th Avenue, Newark, New Jersey (hereinafter "Newark Hair Braiding").

The Conspiracy

4. From in or about October 2002 through on or about September 6, 2007, in Essex County, in the District of New Jersey, and elsewhere, defendants

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"
LASSISSI AFOLABI,
a/k/a "Fovi," a/k/a "Bogard,"
and

DERECK HOUNAKEY,
a/k/a "Koko,"

did knowingly and intentionally conspire and agree with each other and others to commit offenses against the United States, that is:

a. to recruit, harbor, transport, provide, and obtain by any means, the West African Females for labor and services in violation of Title 18, United States Code, Section 1589, contrary to Title 18, United States Code, Section 1590;

b. to provide and obtain the labor and services of the West African Females by means of a scheme, plan, and pattern intended to cause the West African Females to believe that, if the West African Females did not perform such labor and services, the West African Females and others would suffer serious harm and physical restraint, contrary to Title 18, United States Code, Section 1589(2); and

c. to conceal, remove, confiscate, and possess actual and purported passports and other immigration documents, and other actual and purported government identification documents, of other persons, namely the West African Females, in the course of a violation of, and with intent to violate, Title 18, United States Code, Sections 1589 and 1590, contrary to Title 18, United States Code, Section 1592.

Object of the Conspiracy

5. It was the object of the conspiracy for defendants

AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY to obtain the labor of the West African Females for defendants' financial benefit by means of false promises and coercion.

The Manner and Means

6. It was part of the conspiracy that defendant AKOUAVI KPADE AFOLABI approached the West African Females and their families and offered to have the West African Females live with her in the United States for what she purported would be a better life. Specifically, in most instances, defendant AKOUAVI KPADE AFOLABI promised that the West African Females, whose ages ranged from approximately 10 to 19 years old, would live under her care, learn a trade, and be sent to school in the United States.

7. It was further part of the conspiracy that defendant AKOUAVI KPADE AFOLABI would fraudulently secure diversity visas for the West African Females.

8. It was further part of the conspiracy that defendant AKOUAVI KPADE AFOLABI would arrange for the transportation of the West African Females from Africa to the United States.

9. It was further part of the conspiracy that defendants LASSISSI AFOLABI and DERECK HOUNAKEY would transport the West African Females, upon their entry into the United States, to residences located in New Jersey and elsewhere, which

residences were rented, owned, or controlled by defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY.

10. It was further part of the conspiracy that, in order to exercise control over the West African Females, defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would take possession of the passports, visas, and other immigration documents of the West African Females shortly after they arrived in the United States and maintain control of these items.

11. It was further part of the conspiracy that, in order to exercise control over the West African Females, defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would prey upon the West African Females' inability to speak and understand English; their unfamiliarity with the United States; their youth; and their fear of being returned to Africa in disgrace, which defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY reinforced.

12. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would instruct the West African Females that they were to leave their respective residences only to go to work, or as otherwise directed by defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY, and that they were to return to their respective residences immediately after work.

13. It was further part of the conspiracy that the West African Females were not allowed to speak to their family members in Africa without the permission of defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY. When such permission was granted, defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY required that the West African Females only speak to their family members in their presence so that they could monitor the calls.

14. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would prohibit the West African Females from speaking with people outside of work and their respective residences in order to isolate the West African Females.

15. It was further part of the conspiracy that defendants LASSISSI AFOLABI and DERECK HOUNAKEY would frequently transport the West African Females back and forth from the residences in New Jersey and elsewhere to the various hair braiding salons at which the West African Females worked.

16. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would not permit the West African Females to attend school so as to maintain control over the West African Females who spoke little or no English and who were unfamiliar with the United States.

17. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would hit and threaten the West African Females with harm if they disobeyed defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY. In addition, defendants LASSISSI AFOLABI and DERECK HOUNAKEY required certain of the West African Females to have sexual relations with them, at times by force.

18. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY would force the West African Females to work at hair braiding salons located in New Jersey and elsewhere, including, but not limited to, Ashley's Hair Braiding Salon and Newark Hair Braiding, for no wages, and would require the West African Females to work for approximately six or seven days a week, for approximately eight to fourteen hours a day, in order to maximize the financial benefit to defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY.

19. It was further part of the conspiracy that defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY, would compel the West African Females by various means, including but not limited to, physical violence and exploiting the West African Females' fear of reprisal, to turn over all wages and tip money they earned to defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY.

Overt Acts

20. In furtherance of the conspiracy and to effect its object, defendants AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, DERECK HOUNAKEY, and their co-conspirators committed and caused the commission of the following overt acts in the District of New Jersey and elsewhere:

a. On or about October 24, 2002, defendant AKOUAVI KPADE AFOLABI arranged for P.H., S.X., and other West African Females to travel from Togo to the United States.

b. On or about October 24, 2002, defendant LASSISSI AFOLABI transported P.H., S.X., and other West African Females from JFK International Airport (hereinafter "JFK Airport") to an apartment in Newark, New Jersey.

c. On or about October 23, 2003, defendants AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI transported a West African Female, herein referred to as A.D.A., from Newark Liberty International Airport (hereinafter "Newark Airport") to an apartment in Newark, New Jersey, and took possession of A.D.A.'s passport.

d. On or about October 26, 2005, defendant AKOUAVI KPADE AFOLABI arranged for seven of the West African Females, including V.A. and B.H., to travel from Togo to the United States.

e. On or about October 26, 2005, defendant LASSISSI

AFOLABI transported B.H. and other West African Females from Newark Airport to an apartment in East Orange, New Jersey.

f. On or about October 26, 2005, defendant DERECK HOUNAKEY transported V.A. and one other West African Female from Newark Airport to an apartment in Newark, New Jersey.

g. In or about late 2004, in New Jersey, defendant LASSISSI AFOLABI physically assaulted P.H.

h. In or about 2006, in New Jersey, defendant DERECK HOUNAKEY physically assaulted B.H.

i. In or about late 2006, defendant AKOUAVI KPADE AFOLABI physically assaulted B.H.

j. In or about May 2007, defendant LASSISSI AFOLABI physically assaulted A.D.A.

All in violation of Title 18, United States Code, Section 371.

COUNTS 12 THROUGH 16

(Forced Labor)

1. Paragraphs 1 and 3 through 7 of Count 1 and paragraphs 2, 3, and 5 through 20 of Count 11 are realleged and incorporated as if set forth in full herein.

2. In or about the time periods listed below, in the District of New Jersey, and elsewhere, the defendants named in the counts below did knowingly provide and obtain the labor and services of another person, namely certain of the West African Females identified by initials in each count below, by means of a scheme, plan, and pattern intended to cause that person to believe that, if the person did not perform such labor and services, that person and other persons would suffer serious harm and physical restraint, each constituting a separate count of this Superseding Indictment:

| Count | Defendant(s) | Female | Approximate Dates |
|---|---|---|---|
| 12 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | S.X. | October 2002 through April 2006 |
| 13 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | P.H. | October 2002 through September 6, 2007 |
| 14 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | A.D.A. | October 2003 through August 23, 2007 |
| 15 | AKOUAVI KPADE AFOLABI | V.A. | January 2006 through September 6, 2007 |
| 16 | AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY | B.H. | October 2005 through September 6, 2007 |

In violation of Title 18, United States Code, Section 1589(2) and Section 2.

And, as to Count 13, the violation involved the aggravated sexual abuse of P.H. by defendant LASSISSI AFOLABI, in violation of Title 18, United States Code, Section 1589.

And, as to Count 14, the violation involved the aggravated sexual abuse of A.D.A. by defendant LASSISSI AFOLABI, in violation of Title 18, United States Code, Section 1589.

COUNTS 17 THROUGH 21

(Trafficking with Respect to Forced Labor)

1. Paragraphs 1 and 3 through 7 of Count 1 and paragraphs 2, 3, and 5 through 20 of Count 11 are realleged and incorporated as if set forth in full herein.

2. In or about the time periods listed below, in the District of New Jersey, and elsewhere, the defendants named in the counts below did knowingly recruit, harbor, transport, provide and obtain by any means, persons, namely certain of the West African Females identified by initials in each count below, for labor and services in violation of Title 18, United States Code, Section 1589, each constituting a separate count of this Superseding Indictment:

| Count | Defendant(s) | Female | Approximate Dates |
|---|---|---|---|
| 17 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | S.X. | October 2002 through April 2006 |
| 18 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | P.H. | October 2002 through September 6, 2007 |
| 19 | AKOUAVI KPADE AFOLABI and LASSISSI AFOLABI | A.D.A. | October 2003 through August 23, 2007 |
| 20 | AKOUAVI KPADE AFOLABI and DERECK HOUNAKEY | V.A. | January 2006 through September 6, 2007 |
| 21 | AKOUAVI KPADE AFOLABI, LASSISSI AFOLABI, and DERECK HOUNAKEY | B.H. | October 2005 through September 6, 2007 |

In violation of Title 18, United States Code, Section 1590 and Section 2.

And, as to Count 18, the violation involved the

aggravated sexual abuse of P.H. by defendant LASSISSI AFOLABI, in violation of Title 18, United States Code, Section 1590.

And, as to Count 19, the violation involved the aggravated sexual abuse of A.D.A. by defendant LASSISSI AFOLABI, in violation of Title 18, United States Code, Section 1590.

COUNT 22

(Conspiracy to Harbor Illegal Aliens)

1. Paragraphs 1 and 3 through 7 of Count 1 and paragraphs 2, 3, and 5 through 20 of Count 11 are realleged and incorporated as if set forth in full herein.

2. From in or about October 2002 through on or about September 6, 2007, in Essex County, in the District of New Jersey, and elsewhere, defendants

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"
LASSISSI AFOLABI,
a/k/a "Fovi," a/k/a "Bogard,"
and
DERECK HOUNAKEY,
a/k/a "Koko,"

knowingly and intentionally conspired and agreed with each other and with others to conceal, harbor, and shield from detection aliens, namely the West African Females, in any place, including, but not limited to, residences in Essex County, Ashley's Hair Braiding Salon, and Newark Hair Braiding, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States in violation of law, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

COUNT 23

(Transportation of Minor with Intent to Engage in Criminal Sexual Activity)

On or about March 4, 2006, in Essex County, in the District of New Jersey, and elsewhere, defendant

LASSISSI AFOLABI,
a/k/a "Fovi," a/k/a "Bogard,"

did knowingly travel in interstate commerce from New Jersey to North Carolina for the purpose of engaging in illicit sexual conduct, that is, sexual contact, as that term is defined in 18 U.S.C. § 2246, with a person under the age of eighteen, namely S.X., which sexual contact would constitute a violation of Title 18, United States Code, Chapter 109A.

In violation of Title 18, United States Code, Section 2423(b) and Section 2.

FIRST FORFEITURE ALLEGATION

1. The allegations of violations of Title 18, United States Code, Section 1589 contained in Counts 12 through 16 (Forced Labor) of this Superseding Indictment and of violations of Title 18, United States Code, Section 1590 contained in Counts 17 through 21 (Trafficking with Respect to Forced Labor) of this Superseding Indictment are realleged and incorporated herein by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 1594(b).

2. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1589 and 1590 set forth in Counts 12 through 21 of this Superseding Indictment, each convicted defendant shall, pursuant to Title 18, United States Code, Section 1594(b), forfeit to the United States all right, title, and interest in any and all property, real and personal, used or intended to be used to commit or to facilitate the commission of such violation and any and all property, real and personal, constituting and derived from, any proceeds that such defendant obtained, directly or indirectly, as a result of such violation.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each convicted defendant shall forfeit substitute property, up to the value of the property described in paragraph

2, if, by any act and omission of the defendant, the property described in paragraph 2, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty.

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 1594(b).

SECOND FORFEITURE ALLEGATION

1. The allegations of violations of Title 18, United States Code, Sections 371 and 1546 contained in Counts 1 through 6 (Conspiracy to Commit Visa Fraud and Visa Fraud) of this Superseding Indictment are realleged and incorporated herein by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982.

2. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 1546 set forth in Counts 1 through 6 of this Superseding Indictment, each convicted defendant shall, pursuant to Title 18, United States Code, Section 982(a)(6), forfeit to the United States all right, title, and interest in any and all property, real and personal, used or intended to be used to commit or to facilitate the commission of such violation and any and all property, real and personal, constituting and derived from any proceeds that such defendant obtained, directly or indirectly, as a result of such violation.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each convicted defendant shall forfeit substitute property, up to the value of the property described in paragraph 2, if, by any act and omission of the defendant, the property described in paragraph 2, or any portion thereof:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty.

Pursuant to Title 18, United States Code, Sections 982(a)(6) and 1546.

A TRUE BILL

RALPH J. MARRA, JR.
Acting United States Attorney

CASE NUMBER: 07-785 (JLL)

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

AKOUAVI KPADE AFOLABI,
a/k/a "Gloria Lawson," a/k/a "Sister," a/k/a "Celine,"
LASSISSI AFOLABI,
a/k/a "Fovi," a/k/a "Bogard,"
DERECK HOUNAKEY,
a/k/a "Koko," and
GEOFFRY KOUEVI,
a/k/a "Kangni"

## SUPERSEDING INDICTMENT
## CHARGING VIOLATIONS OF

18 U.S.C. §§ 371, 1546(a), 1589(2), 1590, 2423(b), and 2;
8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(2)(B)(ii)

**RALPH J. MARRA, JR.**
*ACTING UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SHANA W. CHEN
*ASSISTANT U.S. ATTORNEY*
*973-353-6095*

USA-48AD 8
(Ed. 1/97)